IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY DON MATTHEWS                                                    PETITIONER

v.                             Case No. 4:12-cv-04113

RAY HOBBS, Director,                                        RESPONDENT
Arkansas Department of Corrections

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is Terry Don Matthews ("Matthews"), an inmate confined at the Wrightsville Unit of the Arkansas Department of Corrections, Wrightsville, Arkansas. On September 24, 2012, he filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Subsequently, on October 21, 2013, Matthews filed an Amended Petition for Writ of Habeas Corpus. ECF No. 28. Respondent was served with a copy of the Petition and the Amended Petition and has responded to both. ECF Nos. 17, 29. The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Amended Petition, the Responses, and all exhibits submitted in this case and finds as follows:

**A.**     **Procedural Background**:[1]

In July of 2008, a jury in Miller County, Arkansas found Matthews guilty of aggravated robbery. Matthews was sentenced in Miller County Circuit Court as a habitual offender to a term of thirty years in prison. Thereafter, Matthews appealed his conviction to the Arkansas Supreme Court. With this direct appeal, the sole issue Matthews raised was whether the circuit court properly

---

[1]The procedural background is taken from the Petition, Amended Petition, Responses, the attached exhibits, and matters of public record regarding this case.

instructed the jury: "His sole point on appeal is that the circuit court erred in refusing to give a proffered jury instruction on aggravated assault." *See Matthews v. State,* 2009 Ark. 321, 319 S.W.3d 266 (2009). On May 28, 2009, the Arkansas Supreme Court considered this argument and held the circuit court had not erred. *Id.* Specifically, the court found aggravated assault was not a lesser-included offense of aggravated robbery. *Id.* As such, the circuit court did not err by refusing to submit that offense to the jury along with the instruction for aggravated robbery. *Id.*

On July 23, 2009, Matthews filed a Rule 37.1 petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. ECF No. 29-3 at 5-11. This Rule 37.1 petition was timely filed. Despite being timely filed, however, it was denied without a hearing, and Matthews appealed this denial to the Arkansas Supreme Court. In this Rule 37.1 petition, Matthews raised the following issues:

1. His trial counsel was ineffective for failing to resist multiple continuances requested by the prosecution;

2. His trial counsel was ineffective for failing to raise a speedy-trial argument;

3. His trial counsel was ineffective for failing to object to the introduction of his "pen pack" which listed his prior convictions and "his movements within the prison system";

4. His trial counsel was ineffective for failing to effectively assist by not objecting to testimony regarding his history of drug and alcohol abuse;

5. His trial counsel was ineffective for failing to object during the state's closing argument when the prosecutor stated that drug and alcohol use was no defense;

6. His trial counsel was ineffective for failing to investigate the background of the state's witnesses;

7. His trial counsel was ineffective because he failed to frequently visit him in jail and obtain important information;

8. His trial counsel was ineffective because he failed to object to inconsistent statements made

      by the state's witnesses; and

9.     His trial counsel was ineffective because he failed to object when a juror disclosed during trial that he knew one of the state's witnesses.

*Matthews v. State,* 2011 Ark. 397 (2011).  On September 29, 2011, after considering these arguments, the Supreme Court of Arkansas rejected all of them and dismissed Matthews's motion for postconviction relief.  *Id.*

**B.**     **Current Petition**:

      On September 24, 2012, Matthews filed an original Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  With this Petition, he raises a number of different claims:

1.     The evidence was insufficient for the jury to convict him of aggravated robbery.  ECF No. 1 at 7-8.

2.     He was intoxicated during the events in questions, which limits his culpability. *Id.* at 8-10.

3.     The state improperly withheld exculpatory evidence.  *Id.* at 12-15.

4.     Trial counsel was ineffective because he did not make his own witness investigations.  *Id.* at 21.

5.     Trial counsel was ineffective because he failed to obtain the state's witness lists before July 2008.  *Id.* at 21.

6.     Trial counsel was ineffective because a potential juror who was a recent victim of sexual assault should have been excused.  *Id.* at 21.

7.     Trial counsel was ineffective because he failed to object to hearsay testimony.  *Id.* at 21.

8.     Trial counsel was ineffective for failing to object to prejudicial statements made by the state's witnesses.  *Id.* at 21-22.

9.     Trial counsel was ineffective for failing to object to the state's misstatement of facts.  *Id.* at 22.

10. Trial counsel was ineffective for failing to object to the state's leading questioning. *Id.* at 22.

11. Trial counsel was ineffective in his handling of a jury instruction for aggravated assault. *Id.* at 22.

12. Trial counsel was ineffective for failing to investigate the facts surrounding this case. *Id.* at 23-24.

13. Trial counsel was ineffective for failing to properly prepare for the sentencing phase of trial. *Id.* at 24.

On October 21, 2013, after being given leave of Court, Matthews also filed an Amended Petition for Writ of Habeas Corpus. ECF No. 28. In this Amended Petition, he further elaborates on his claims of ineffective assistance of counsel:

1. Trial counsel "should have objected to the biased state witness testifying." Matthews claims this state witness was biased because Matthews had attempted to press charges against the witness "for assaulting and injuring him with a deadly weapon." ECF No. 28 at 3.

2. Trial counsel "failed to investigate or perform certain pre-trial functions." *Id.*

3. Trial counsel "failed to investigate and research the facts of petitioner['s] case or study offense and prepare a reasonable defense." *Id.* at 4.

4. Trial counsel failed to investigate the criminal backgrounds of the states's witnesses. *Id.*

5. Trial counsel failed to investigate the fact Matthews was "extremely intoxicated" at the time of his arrest. *Id.* at 6.

6. Trial counsel "failed to vigorously cross-examine witnesses or object and make arguments at critical and appropriate moments of trial." *Id.* at 9.

7. Trial counsel "failed to argue and make objections at critical moments" of the penalty phase at trial. *Id.* at 11-17.

8. Trial counsel "failed to consort or communicate with his client in jail." *Id.* at 17-18.

In addition, in this Amended Petition, Matthews argues that if he procedurally defaulted on any of these claims at the state court level, he should be given relief from that default because his counsel

was ineffective. *Id.* at 20-21.

In the Response to Petition for Writ of Habeas Corpus, Respondent claims Matthews's case should be dismissed because he procedurally defaulted on several of his claims. ECF No. 17 at 6-8. Specifically, Respondent claims Matthews did not present all of these claims to the state court prior to raising them in this Court. *Id.* Thus, he did not "fairly present the claim to the state courts first." *Id.* at 6. Because he did not "fairly present the claims to the state courts first," they cannot proceed in federal court. *Id.* Respondent also filed a response to Matthews's Amended Petition for Writ of Habeas Corpus. ECF No. 29. In this response, he raises the additional ground that many of the claims in the Amended Petition have already been litigated in state court. *Id.* As such, he claims they were adjudicated on the merits in a state court proceeding and are barred.

**C.　Discussion**:

Upon review, the Court finds all of Matthews's claims are barred because he has either: (1) procedurally defaulted on those claims; or (2) fully litigated the claims in state court. The Court will address both of these issues.

**1.　Procedural Default**

Matthews procedurally defaulted on several of his claims. A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.*

If a state prisoner can show "cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[2]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, the only claims Matthews presented to the Arkansas courts include: the issue of whether a jury instruction should have been submitted for aggravated assault, *see Matthews v. State,* 2009 Ark. 321, 319 S.W.3d 266 (2009), and nine claims of ineffective assistance of counsel. *See Matthews v. State,* 2011 Ark. 397 (2011). Thus, those are the only claims Matthews has preserved. For the remainder of the claims, absent some excuse, he has procedurally defaulted. *See Coleman*, 501 U.S. at 750.

In his Petition and Amended Petition, Matthews seeks to excuse his procedural default by demonstrating cause for his failure to present these claims to the state court. ECF Nos. 1, 28. In particular, he relies upon the *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) case. *Id.* at 18. In *Martinez,* the United States Supreme Court held that cause can be demonstrated by establishing ineffective assistance of counsel. *Id.* (holding "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"). *See also Sasser v. Hobbs,* 735 F.3d 833 (8th Cir. 2013).

However, upon review, these cases only state Matthews may have cause for a procedural

---

[2]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

default on an ineffective assistance of counsel claim.[3] In this case, as outlined below, Matthews is not procedurally barred from raising his ineffective assistance of counsel claims. In fact, he raised these claims at the state court level. As for his other claims, these cases do not provide cause for excusing Matthews's failure to preserve these claims. Thus, because they were not raised at the state court level and he has not established cause and prejudice or actual innocence, Matthews has procedurally defaulted on the following claims that were in his original Petition: (1) the evidence was insufficient for the jury to convict him of aggravated robbery; (2) he was intoxicated during the events in questions, which limits his culpability; and (3) the state improperly withheld exculpatory evidence.

### 2. State-Court Adjudicated Claims

The remainder of Matthews's claims in his Petition and Amended Petition are ineffective assistance of counsel claims. Specifically, as noted above, in his original Petition and in his Amended Petition, Matthews claims trial counsel was ineffective in the following ways:

1. Failure to make his own witness investigations;

2. Failure to obtain the state's witness lists before July 2008;

3. Failure to excuse a potential juror who was a recent victim of sexual assault;

4. Failure to object to hearsay testimony;

---

[3] The argument would be that if the same attorney represented the petitioner both at trial and during the appeal, that trial counsel would be reluctant to raise an ineffective assistance of counsel claim because that attorney would be criticizing his or her own conduct. *See Sasser,* 735 F.3d at 853. Thus, the petitioner would have "cause" for his or her failure to raise ineffective assistance of counsel. Of course, in this case, Matthews could not raise such an argument because he was represented by one attorney during the trial and a different attorney during the appeal. ECF No. 29-2 at 40-42.

5.  Failure to object to prejudicial statements made by the state's witnesses;

6.  Failure to object to the state's misstatement of facts;

7.  Failure to object to the state's leading questioning of the presumed victim;

8.  Failure to properly handle a jury instruction for aggravated assault;

9.  Failure to investigate the facts surrounding this case;

10. Failure to properly prepare for the sentencing phase of trial;

11. Failure to object to the state's witnesses;

12. Failure "to investigate or perform certain pre-trial functions";

13. Failure "to investigate and research the facts of petitioner['s] case or study offense and prepare a reasonable defense";

14. Failure to investigate the criminal backgrounds of the states's witnesses;

15. Failure to investigate the fact he was "extremely intoxicated" at the time of his arrest;

16. Failure "to vigorously cross-examine witnesses or object and make arguments at critical and appropriate moments of trial";

17. Failure "to argue and make objections at critical moments" of the penalty phase at trial; and

18. Failure "to consort or communicate with his client in jail."

In summary, these ineffective assistance of counsel claims all relate to trial counsel's investigation of the state's witnesses; objections regarding jurors; objections at trial; preparation of the jury instruction of aggravated assault; the issue of his intoxication; conduct at the penalty phase; and communication with Matthews. Although the claims were couched somewhat differently, all of these issues have been previously addressed by the Arkansas Supreme Court. *See Matthews v. State,* 2011 Ark. 397 (2011). Notably, the Arkansas Supreme Court addressed whether his trial

counsel was ineffective in the following ways: failing to investigate the state's witnesses; failing to object to a juror; failing to object to the testimony of the state's witnesses; failing to fully prepare for the sentencing phase; failing to properly handle Matthews's alleged intoxication during the events in question; and failing to communicate with Matthews while he was in jail. *Id.* The Arkansas Supreme Court also addressed the submission of a jury instruction for aggravated assault. *See Matthews v. State,* 2009 Ark. 321, 319 S.W.3d 266 (2009).

Based upon these facts, because these issues have already been addressed by the Arkansas Supreme Court, these claims were adjudicated on the merits in a state court proceeding. As such, the Court can only review them if the state court adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, Matthews has made no demonstration that either of these situations are present under these facts. Accordingly, the Court finds no *habeas* relief can be granted on these ineffective assistance of counsel claims.

**D.   Conclusion**:

For all of Matthews's claims, he has either procedurally defaulted or fully adjudicated the matters in state court with no ability for *habeas* review.

**E.   Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied

and dismissed with prejudice.[4]  Further, because his Petition should be dismissed, the Court also **DENIES** Matthews's Motion to Expand Record and Order to Show Cause (ECF No. 31).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **10th day of June 2014.**

          /s/ Barry A. Bryant
          HON. BARRY A. BRYANT
          U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).