## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

**TERRY DON MATTHEWS**                                                            **PETITIONER**

v.                                        Case No. 4:12-cv-04113

**WENDY KELLEY, Director,**                                                       **RESPONDENT**
**Arkansas Department of Corrections**

### REPORT AND RECOMMENDATION

**BEFORE** the Court is Petitioner's Motion for Renewed Amended Petition.  ECF No. 45.  This Motion has been referred to the undersigned for decision by United States District Judge Susan O. Hickey, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.

The Petition and Supplemental Petition in this matter were dismissed by the Court on August 31, 2015.  ECF No. 39.  The Motion for Certificate of Appealability was denied by this Court on August 3, 2016.  ECF No. 46.  Petitioner now seeks to file a "Renewed Amended Petition."  He cites Fed. R. Civ. P. Rule 60(b) as authority for this new filing, in effect seeking relief from the Court's final order dismissing his petition in August 2015.

A motion for relief pursuant to Rule 60(b) must be filed in a "reasonable time" and in no event more than a year following the entry of the final judgment or order at issue.  Further, Rule 60(b) states:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Here, Petitioner files the instant motion some 11 months after the entry of the final Order in this matter. He offers no reason for the delay in seeking relief from the final order of this Court. Further, Petitioner has alleged no facts which would justify, pursuant to Rule 60(b), setting aside or otherwise changing this Court's order of dismissal. In fact, a reading of the instant Motion shows it to be nothing more than a re-argument of his prior Petition and Supplemental Petition. His Motion is neither timely filed nor does it raise grounds for relief pursuant to Rule 60(b).

    **IT IS RECOMMENDED** the Court **DENY** the Motion for Renewed Amended Petition (ECF No. 45).

    **The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    **DATED** this **19th day of January 2017**

                          /s/ Barry A. Bryant
                          HON. BARRY A. BRYANT
                          U.S. MAGISTRATE JUDGE